# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIANA PAINTER, a single woman,

        Appellant,

v.

PATRICIA L. SULLIVAN and JOHN
DOE SULLIVAN, wife and husband, and
the marital community composed
thereof,

        Respondents.

No. 75161-1-I

DIVISION ONE

UNPUBLISHED

FILED: May 1, 2017

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 MAY -1 AM 8:39

Cox, J. — The trial court granted summary judgment and dismissed Diana Painter's negligence claim against her landlord for injuries she suffered when she fell near a horse corral on her landlord's property. Our de novo review of the record reveals that Painter failed to carry her burden to produce evidence · demonstrating a genuine issue of material fact for trial. The landlord was entitled to judgment as a matter of law. We affirm.

In December 2011, Painter rented a unit in a duplex on Patricia Sullivan's 40-acre rural Enumclaw property. The rental arrangement allowed Painter to board her two horses in a corral on the property. One day in July 2012, Painter was filling a water trough for her horses, as she did at least once a week before then. Near the water spigot just outside the corral, Painter stepped on "uneven lumpy" ground that she believed to be a molehill. She fell and fractured her leg. At the time of the incident, the grass around the spigot reached her mid-calf.

In 2015, Painter sued the landlord for personal injuries and damages. She alleged that the landlord failed to maintain the property in a reasonably safe condition and that the landlord knew about the allegedly unreasonably dangerous condition that existed on the "grounds/land and walkway areas."

The landlord moved for summary judgment, arguing there was no evidence she had actual knowledge of any dangerous condition that existed near the corral and water spigot. Alternatively, the landlord asserted that neither long grass, nor a molehill concealed by long grass, is a dangerous condition on rural land primarily used for livestock. She also maintained that any danger presented by the long grass and/or molehills that were present throughout the pasture, were open and obvious. The trial court granted summary judgment in favor of the landlord and dismissed the lawsuit.

Painter appeals.

## NEGLIGENCE

We review summary judgment de novo, engaging in the same inquiry as the trial court.[1] Summary judgment is appropriate if the pleadings, depositions, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2] We view the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[3]

---

[1] Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993).
[2] CR 56(c); Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996).
[3] Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

2

A defendant seeking to obtain a summary judgment may meet her burden by showing that there is an absence of evidence to support the plaintiff's case.[4] If the defendant shows an absence of evidence to establish the plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial.[5] If the plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper.[6]

In a negligence action, the plaintiff must prove the existence of a duty, breach of that duty, resulting injury, and proximate cause.[7] The alleged negligence in this case is based on premises liability, and there is no dispute that Painter was an invitee to whom the landlord owed a duty to maintain common areas in a reasonably safe condition.[8] Washington law governing premises liability follows the principles articulated in the Restatement (Second) of Torts §§ 343 and 343A (1965).[9] According to these provisions, a landowner is liable for physical harm caused by a dangerous condition on the land if the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees,
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.[10]

---

[4] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989).
[5] Id.
[6] Id.
[7] Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994).
[8] Iwai v. State, 129 Wn.2d 84, 91-92, 915 P.2d 1089 (1996).
[9] Id. at 93-95; Degel, 129 Wn.2d at 49-50.
[10] Restatement (Second) of Torts § 343; see also Tincani, 124 Wn.2d at 138.

A landowner's liability is also limited by Restatement (Second) of Torts § 343A(1), which provides that a landowner is not liable for "physical harm caused to [invitees] by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."[11]

Painter maintains that grass tall enough to conceal molehills is an unreasonably dangerous condition on a "well-traveled walkway." She also contends that there are genuine issues of material fact precluding summary judgment whether the landlord had knowledge of the dangerous condition. She also argues that even if the danger was obvious, whether the landlord should have anticipated that tenants such as herself would traverse the area despite the apparent risk is a material issue.

The premise of Painter's argument is that she fell on a walkway. There is no evidence, however, of any walkway between the spigot and the water trough. Painter did not testify at deposition that she was walking on any designated path or walkway. The photographs in the record depict only a natural, ungraded area, with grass and vegetation. While the photographs were apparently taken at some point after the accident, Painter provided no other evidence of how the area looked in July 2012 when she fell.

Painter argues that the landlord was presumably aware that she walked between the spigot and the water trough regularly to water her horses. The record does not show this. And it does not indicate whether anyone besides

---

[11] Restatement (Second) of Torts § 343A(1) (1965).

Painter regularly used the water spigot. Nevertheless, Painter suggests that the landlord's presumed knowledge of pedestrian use created a duty to maintain the area for pedestrian purposes. We disagree.

This court's decision in Hoffstatter v. City of Seattle,[12] is instructive. In Hoffstatter, a pedestrian tripped over uneven bricks surrounding a tree on a parking strip between a sidewalk and a roadway.[13] This court observed that a "reasonably safe condition is not the same for a parking strip as it is for a sidewalk because their purposes are different."[14] While a sidewalk is dedicated almost exclusively to pedestrian use, parking strips "frequently contain such objects as power and communication poles, utility meters, and fire hydrants" and it is "a common condition" for tree roots to dislodge pavement on parking strips.[15] Therefore, although pedestrian use of parking strips must be anticipated, "[i]t is reasonable to expect that a pedestrian will pay closer attention to surface conditions while crossing a landscaped parking strip than when walking on a sidewalk."[16] Accordingly, uneven bricks on a parking strip are not unreasonably dangerous.[17]

Painter relies on cases involving the risk of danger posed by ice and snow on developed property designed for pedestrian and car travel.[18] But what

---

[12] 105 Wn. App. 596, 600, 20 P.3d 1003 (2001).

[13] Id. at 598.

[14] Id. at 600.

[15] Id. at 600-01.

[16] Id. at 601.

[17] Id.; see also Wilson v. City of Seattle, 146 Wn. App. 737, 742, 194 P.3d 997 (2008) (a manhole cover on parking strip not unreasonably dangerous because manholes in that location are common, the cover was open and obvious and specifically known to the plaintiff, and because pedestrians can be expected to pay attention while crossing a parking strip).

[18] Iwai, 129 Wn.2d at 87, 94-95; Mucsi v. Graoch Assoc. Ltd. P'ship No. 12, 144 Wn.2d 847, 852-53, 862, 31 P.3d 684 (2001).

constitutes an unreasonable risk of harm must be evaluated in light of the nature and purpose of the particular property at issue. While limited pedestrian use of the corral and surrounding area by tenants or others tending to horses was foreseeable, such use did not alter the property's primary purpose. On undeveloped, rural land used for the care of horses and pasture, long grass, uneven ground, and molehills are common conditions. Indeed, Painter conceded at her deposition that molehills were "everywhere" on this property. It is reasonable to expect that people walking in such an area would pay closer attention to the conditions on the ground than they would in an area developed for and dedicated to pedestrian use.

In sum, the evidence before the court on summary judgment, construed in the light most favorable to Painter, did not establish that the natural condition of the land surrounding the water spigot, including long grass and uneven ground, created an unreasonable risk of harm. Nor was there evidence to indicate that the landlord should have anticipated that Painter would not realize the danger of molehills or fail to protect herself against them.

There were no genuine issues of material fact. The landlord was entitled to judgment as a matter of law.

## ATTORNEY FEES AND COSTS

The landlord requests reasonable attorney fees and costs on appeal, but fails to cite a substantive basis for the award of fees. Accordingly, we deny an award of reasonable attorney fees to the landlord.

The award of costs is controlled by RAP 14.6 and the other Rules of Appellate Procedure.

We affirm the order granting summary judgment and deny the request for award of reasonable attorney fees.

_Cox, J._

WE CONCUR: